UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HAMID HASSAN RAZA; MASJID AL-ANSAR; ASAD
DANDIA; MUSLIMS GIVING BACK; MASJID AT-
TAQWA; MOHAMMAD ELSHINAWY,

|  | 13 CV 3448 (PKC)(JMA) |
|---|---|

Plaintiffs,

-against-

CITY OF NEW YORK; MICHAEL R, BLOOMBERG, in
his official capacity as Mayor of the City of New York;
RAYMOND KELLY, in his official capacity as Police
Commissioner for the City of New York; DAVID COHEN
in his official capacity as Deputy Commissioner of
Intelligence for the City of New York,

Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS
CITY OF NEW YORK,
MICHAEL R. BLOOMBERG.
RAYMOND KELLY, AND
DAVID COHEN**

**JURY TRIAL DEMANDED**

Defendants the City of New York ("City"), Michael R. Bloomberg, Raymond Kelly, and David Cohen by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to plaintiffs' complaint ("complaint"), respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint.

2. Deny the allegations set forth in paragraph "2" of the complaint.

3. Deny the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiffs purport to lay venue as stated therein.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except deny that the NYPD has conducted "surveillance" on Raza as the term is used by the NYPD.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that Masjid Al-Ansar is located in Brooklyn, NY, and that the NYPD has conducted investigations of certain individuals associated with Masjid Al-Ansar, for which surveillance has been conducted at Masjid Al-Ansar.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that on occasion, plaintiff Dandia has been surveilled by the NYPD.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except deny that the NYPD has conducted "surveillance" on Muslims Giving Back.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that Masjid At-Taqwa is located in Brooklyn, NY and that the NYPD has conducted investigations of certain

individuals associated with Masjid At-Taqwa, for which surveillance has been conducted at Masjid At-Taqwa.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that on occasion, plaintiff Elshinawy has been surveilled by the NYPD.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that the City of New York is a municipal corporation authorized under the laws of the State of New York and that the City maintains a police department, and respectfully refers the Court to the NYC Charter and Administrative Code for a recitation of the City's functions.

17.     Paragraph "17" contains conclusions of law to which no response is required, except admit that Michael R. Bloomberg is the Mayor of the City of New York.

18.     Deny the allegations set forth in paragraph "18" of the complaint, except admit that Raymond Kelly is the Police Commissioner for the City of New York, and paragraph "18" contains conclusions of law as to which no response is required.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that David Cohen is the Deputy Commissioner of Intelligence for the NYPD, and paragraph "19" contains conclusions of law to which no response is required.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that David Cohen became NYPD's Deputy Commissioner of Intelligence in 2002 and previously served with the CIA for approximately 35 years.

22.     Deny the allegations set forth in paragraph "22" of the complaint, except admit that a report titled "Radicalization in the West: The Homegrown Threat" was published by the NYPD in 2007, and respectfully refer the Court to the contents of that document.

23.     Deny the allegations set forth in paragraph "23" of the complaint, and respectfully refer the Court to the document referenced therein for its contents.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint, except admit that the NYPD has used publicly available U.S. Census Data and government information to identify ethnic communities within New York City.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint, and respectfully refer the Court to the documents apparently referenced therein for their contents.

28.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint, and respectfully refer the Court to the documents apparently referenced therein for their contents.

31.     Deny the allegations set forth in paragraph "31" of the complaint, and respectfully refer the Court to the documents apparently referenced therein for their contents.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint, and respectfully refer the Court to the documents apparently referenced therein for their contents.

35.     Deny the allegations set forth in paragraph "35" of the complaint, and respectfully refer the Court to the deposition testimony of Commanding Officer of the Intelligence Division Thomas Galati dated June 28, 2012 for its contents.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint, except admit that Shamiur Rahman was a confidential informant for the NYPD.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that pictures were sent to the NYPD, and admit that Shamiur Rahman attended the 2012 Muslim Day Parade in Manhattan, did take photos at the parade, and did attend an event on February 23, 2012 at John Jay College of Criminal Justice.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint, except admit that the NYPD maintains computer records.

43.     Deny the allegations set forth in paragraph "43" of the complaint, except deny knowledge or information sufficient to form a belief regarding what statements, including the dates thereof, by Mayor Bloomberg are the subject of the allegations in paragraph 43.

44.     Deny the allegations set forth in paragraph "44" of the complaint, including any implication that the NYPD conducts unlawful surveillance of any institution or individual.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint, except admit that NYPD personnel representing themselves as such have met with plaintiff Raza.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint, except admit that NYPD personnel representing themselves as such have met with plaintiff Raza.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint, except admit that NYPD personnel representing themselves as such have met with plaintiff Raza.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint, except deny knowledge or information sufficient to form a belief as to Masjid Al-Ansar's workshops.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's thoughts or emotions.

62.     Deny the allegations set forth in paragraph "62" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's thoughts or emotions.

63.     Deny the allegations set forth in paragraph "63" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's thoughts or emotions.

64.     Deny the allegations set forth in paragraph "64" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's thoughts or emotions.

65.     Deny the allegations set forth in paragraph "65" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's thoughts or emotions.

66.     Deny the allegations set forth in paragraph "66" of the complaint, except deny knowledge or information sufficient to form a belief as to how Imam Raza's thoughts or emotions.

67.     Deny the allegations set forth in paragraph "67" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's thoughts or emotions.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint, and respectfully refer the Court to the document referenced therein for its contents.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint, except deny knowledge or information sufficient to form a belief as to Imam Raza's role as a religious leader at Masjid Al-Ansar.

73.     Deny the allegations set forth in paragraph "73" of the complaint, except deny knowledge or information sufficient to form a belief as to what plaintiffs' conversations or interactions with the individuals referred to in paragraph "73" were.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint, except deny knowledge or information sufficient to form a belief as to the thoughts or emotions of plaintiff Raza and Masjid Al-Ansar congregants, and admit that beginning in August 2011 the Associated Press published a series of articles concerning the NYPD that were awarded a Pulitzer Prize.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint, except admit that plaintiff Dandia is a Vice President of Muslims Giving Back and Muslims Giving Back claims to have been formerly known as Fesabeelillah Services of NYC.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint, except admit that Shamiur Rahman was a confidential informant for the NYPD.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint, except admit that Shamiur Rahman did attend Masjid Omar.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint, except admit that Shamiur Rahman was present at Masjid Omar on or about April 13, 2012, and photographs of the event were posted on Facebook.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the complaint.

94.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "94" of the complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint, except admit that the Napoleon event took place at Masjid al-Farooq on June 3, 2012.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the complaint.

100.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint.

101.   Deny the allegations set forth in paragraph "101" of the complaint, except admit that Shamiur Rahman met with Dandia and others near/at Masjid Omar in September 2012.

102.   Deny the allegations set forth in paragraph "102" of the complaint, except admit that Shamiur Rahman met with Dandia and others near/at Masjid Omar in September 2012.

103.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the complaint.

104.   Deny the allegations set forth in paragraph "104" of the complaint, except admit that Shamiur Rahman was a confidential informant for the NYPD, and in October 2012, posted a message to Facebook saying, in substance, that he had been a confidential informant for the NYPD.

105.   Deny the allegations set forth in paragraph "105" of the complaint.

106.   Deny the allegations set forth in paragraph "106" of the complaint, except deny knowledge or information sufficient to form a belief as to what the religious leaders at Masjid Omar did or said.

107.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint.

109.   Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny the allegations set forth in paragraph "110" of the complaint, except deny knowledge or information sufficient to form a belief as to what Muslims Giving Back learned from CNN.

111.    Deny the allegations set forth in paragraph "111" of the complaint.

112.    Deny the allegations set forth in paragraph "112" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff Dandia's thoughts, emotions, or interactions with the individuals referenced in paragraph "112".

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint, except admit that plaintiff Masjid At-Taqwa is located in Brooklyn, NY.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint, except admit that Imam Siraj Wahhaj has been a clergy liaison for the NYPD Community Affairs Bureau and a member of Majlis Ash-Shura, Osman Ali Adam is the Assistant Imam at Masjid At-Taqwa, and Ali Abdul Karim is the head of security at Masjid At-Taqwa.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint.

116.    Deny the allegations set forth in paragraph "116" of the complaint, except admit that in 2006 the NYPD installed a clearly-labeled general purpose security camera on the Southeast corner of Fulton Street and Bedford Avenue.

117.    Deny the allegations set forth in paragraph "117" of the complaint, except deny knowledge or information sufficient as to form a belief as to the practices conversations, statements or interactions referred to in paragraph "117".

118.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the complaint.

119.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the complaint.

120.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint.

121.   Deny the allegations set forth in paragraph "121" of the complaint.

122.   Deny the allegations set forth in paragraph "122" of the complaint.

123.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the complaint.

124.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the complaint.

125.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint.

126.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the complaint.

127.   Deny the allegations set forth in paragraph "127", except admit that the NYPD did conduct investigations of individuals associated with Masjid At-Taqwa, and that public reports have claimed that the NYPD had sources at Masjid At-Taqwa.

128.   Deny the allegations set forth in paragraph "128" of the complaint, except admit that beginning in 2011, the Associated Press published a series of articles about the NYPD, and respectfully refer the Court to the documents referenced therein for the contents thereof.

129.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the complaint.

130.   Deny the allegations set forth in paragraph "130" of the complaint, and respectfully refer the Court to the Associated Press article referenced therein for its contents.

131.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the complaint, except admit that Shamiur Rahman had been to Masjid At-Taqwa in 2012.

132.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the complaint.

133.   Deny the allegations set forth in paragraph "133" of the complaint, except deny knowledge or information sufficient to form a belief as to the events and activities referred to in paragraph "133" of the complaint.

134.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the complaint, except admit that Plaintiff Elshinawy has taught, lectured and given sermons in New York City.

135.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the complaint.

136.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the complaint.

137.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the complaint.

138.   Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the complaint, except admit that the individual referenced in Paragraph "140" operated as an undercover officer for the NYPD, and attended a paintball trip organized by the Brooklyn College Islamic Society.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the complaint.

142.    Deny the allegations set forth in paragraph "142" of the complaint, except admit that Shamiur Rahman was a confidential informant for the NYPD.

143.    Deny the allegations set forth in paragraph "143" of the complaint, except admit that the individual referenced in Paragraph "143" did ask plaintiff Elshinawy about a missing person.

144.    Deny the allegations set forth in paragraph "144" of the complaint, except admit that the individual referenced in Paragraph "144" did telephone plaintiff Elshinawy to ask for a meeting.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint.

146.    Deny the allegations set forth in paragraph "146" of the complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the complaint.

148.    Deny the allegations set forth in paragraph "148" of the complaint.

149.    Deny the allegations set forth in paragraph "149" of the complaint, except deny knowledge or information sufficient to form a belief as to what his longtime friends have done and why.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the complaint.

152.    Deny the allegations set forth in paragraph "152" of the complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the complaint.

154.    Deny the allegations set forth in paragraph "154" of the complaint.

155.    Deny the allegations set forth in paragraph "155" of the complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the complaint.

157.    Deny the allegations set forth in paragraph "157" of the complaint.

158.    Deny the allegations set forth in paragraph "158" of the complaint.

159.    Deny the allegations set forth in paragraph "159" of the complaint, except deny knowledge or information sufficient to form a belief as to what the BIC organizers said or did.

160.    Deny the allegations set forth in paragraph "160" of the complaint.

161.    Deny the allegations set forth in paragraph "161" of the complaint.

162.    Deny the allegations set forth in paragraph "162" of the complaint.

163.    Deny the allegations set forth in paragraph "163" of the complaint.

164.   Deny the allegations set forth in paragraph "164" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

165.   The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

166.   Plaintiffs lack standing to bring this action and the Court lacks subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

167.   Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

168.   At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

169.   At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

170.   Any injury alleged to have been sustained resulted from plaintiffs' own culpable, negligent, or intervening conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

171.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

172.    Plaintiffs have failed to comply with all conditions precedent to suit including, but not limited to, New York General Municipal Law §50 et seq., including §§ 50-e, 50-i, and 50-h.

**WHEREFORE,** defendants City, Bloomberg, Kelly, and Cohen request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 9, 2013

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                     City of New York
                                    Attorney for Defendants City, Bloomberg, Kelly,
                                    and Cohen
                                    100 Church Street, Room 3-147
                                    New York, New York 10007
                                    (212)-356-3532


                            By:      /s
                                    _____
                                    Peter G. Farrell
                                    Alexis L. Leist