# Schedule A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMID HASSAN RAZA; MASJID AL-ANSAR; ASAD DANDIA; MUSLIMS GIVING BACK; MASJID AT-TAQWA; MOHAMMAD ELSHINAWY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK; MICHAEL R. BLOOMBERG, in his official capacity as Mayor of the City of New York; RAYMOND W. KELLY, in his official capacity as Police Commissioner for the City of New York; DAVID COHEN, in his official capacity as Deputy Commissioner of Intelligence for the City of New York,<br><br>Defendants. | No. 13-cv-03448-PKC-JMA<br><br>Hon. Judge Pamela Chen |

**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs request that on or before October 28, 2013, Defendants produce the items hereinafter requested in accordance with the definitions and instructions set forth below.

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these requests, the words set forth below shall be defined as follows:

1. All capitalized terms used herein shall be deemed to have the same meaning ascribed to them in Plaintiffs' Complaint in this action.

1

2. The use of the singular form of any term shall be taken to include its plural, and vice versa.

3. "All" shall be understood to include and encompass "any."

4. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of these requests all information, documents, things, or communications that might otherwise be construed to be outside their scope.

5. "Communication" should be construed in the broadest sense to include any transmittal of information, facts, opinions, or thoughts.

6. "Concerning" and "relating to" should be construed in their broadest possible sense, and shall include, but not be limited to, directly or indirectly, in whole or in part, relating to, referring to, reflecting, memorializing, comprising, concerning, constituting, supporting, contradicting, defining, discussing, describing, evidencing, setting forth, containing, underlying, commenting upon, forming the basis for, analyzing, or mentioning in any way the subject matter of the paragraph containing the term.

7. "Documents" refers to documents created, possessed, or maintained by the New York City Police Department Intelligence Division, as defined herein. "Documents" is defined to be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, without limitation, all objects, tangible or intangible, from which information may be derived, however reproduced, including any recording in any tangible form of any information, whether handwritten, typed, printed, stored electronically, stored on computer disks, tapes, or databases, or otherwise stored or reproduced. By way of further explanation, "documents" includes, without limitation, the original, or a copy when the original is not available, and each

non-identical copy, including those that are non-identical by reason of notations or markings, of any books, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, e-mails, text messages, facsimiles, voicemails, telegrams, cables, records, drafts, diaries, videotapes, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, photographs, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, agreements, trip reports, releases, estimates, opinions, electronic or other video and/or audio recordings of any kind, transcriptions, or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or tangible thing, of whatsoever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the items to which they are attached or enclosed.

8. "Intelligence Division" means the New York City Police Department Intelligence Division and any of its current or former units, sub-units, or constitutive subdivisions, with the exception of the Gang Assessment Unit, the Gang Intelligence Unit and any Narcotics Assessment or Intelligence units, participating in Investigations or Surveillance, as defined herein, or involved in the creation, dissemination, or analysis of documents concerning Investigations or Surveillance; any present and former officers, employees, agents, representatives, and attorneys of any such entities; and any person who currently or formerly acted or purported to act at the direction or on behalf of any such entity, including paid and unpaid informants.

9. "Investigation" means a preliminary inquiry, full investigation, or terrorism enterprise investigation. "Documents concerning Investigations" include, but are not limited to: investigative statements; requests to open, extend, and/or discontinue an Investigation; requests for Surveillance of individuals or organizations; requests to use undercover officers or confidential informants; standards for initiating an Investigation; standards concerning the scope and duration of an Investigation; and standards concerning the activities of investigators, informants, plainclothes officers, undercover officers, detectives, cooperatives, "handlers," and analysts.

10. "Organization" includes houses of worship, religious or community organizations, non-governmental organizations, student organizations, schools, and charities.

11. "Person" includes natural persons or any business, legal or governmental entity, association, private partnership, association, joint venture or any other kind of entity.

12. "Plaintiffs" means the plaintiffs in the above-captioned action. In the case of plaintiffs Masjid Al-Ansar, Masjid At-Taqwa, and Muslims Giving Back (f/k/a Fesabeelillah Services of NYC, Inc.), this term includes any of their predecessors, successors, and related entities; any present and former directors, officers, employees, agents, and representatives, of any such entities.

13. "Surveillance" includes the Intelligence Division's observations of individuals and organizations, and the recording, reporting, compilation, and analysis of observations. Surveillance also includes the reports and analysis of observations documented in, among other things, field reports, "DD5s," activity reports, "Intelligence Notes," "Deputy Commissioner's Briefings," general intelligence reports, reports authored by the Demographics Unit or Zone Assessment Unit, and any document identifying an

4

individual, group, or organization as "of interest" or "of concern." "Documents concerning Surveillance" include, in addition to the foregoing, documented efforts to facilitate observations, such as "Surveillance Requests." As defined, Surveillance may or may not concern an Investigation.

## INSTRUCTIONS

1. The instructions set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts are incorporated by reference herein.

2. If any portion of any document is responsive to any request, the entire document shall be produced without abbreviation or redaction. In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of alterations, marginal notes, comments, or materials contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

3. A request for any document shall be deemed to include a request for any and all drafts thereof, and all revisions thereto, in addition to the document itself.

4. Documents that, in their original condition, were stapled, clipped, or otherwise fastened together, or were placed in a file together, shall be produced in such form. A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the document, in addition to the document itself, without abbreviation or expurgation.

5. If any request for documents is deemed to call for the production of materials that are privileged in whole or in part, or materials protected from disclosure by the work-product doctrine or otherwise, please identify each document for which the privilege is claimed

and the basis for the claim of privilege, including but not limited to the following information: (a) for each author, addressee, and recipient, state the person's full name and title, and denote all attorneys with an asterisk; where not apparent, identify the relationship of the author, addressees, and recipients to each other; (b) state the date of each copy of the document, if any, or if no date appears on the document, an estimate thereof, indicated as an estimate; (c) provide a description of the document, including the type of document, its subject matter, the number of pages in the document, and whether the document is handwritten or typewritten; and (d) state the legal basis for the claim of privilege.  For each document withheld under a claim that it constitutes or contains attorney work product, identify the anticipated litigation or trial upon which the assertion is based.  Submit all nonprivileged portions of any responsive document for which a claim of privilege is asserted, noting where redactions in the document have been made.

6. If no documents exist that are responsive to a particular paragraph of these requests, so state in writing.

7. If any request for documents is deemed to call for documents that have been lost, destroyed or discarded, please furnish an inventory containing the following information: (a) the type of document (e.g., letter, memorandum, handwritten notes); (b) the title, date, number of pages, and author of the document; (c) the names of any other persons who participated in the preparation of the document; (d) the addressee and the names of any other recipients of the document; (e) the subject matter of the document; (f) the date on which the document was lost, destroyed, or discarded; (g) the names of the persons ordering, authorizing, participating in or with knowledge of such loss, destruction, or discarding; and (h) the reason or cause of the loss, destruction or discarding.

8. All electronically stored information responsive to a request shall be produced in its native format (including all associated metadata), meaning the electronic file format in which the documents are maintained and retained.

9. All electronically stored information other than audio and video files shall also be produced in single-page TIFF format, with the file names corresponding to the appropriate BATES number, concordance version 10 load files (.opt file) with the metadata fields: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, PARENTID, CHILDID, AUTHOR, FROM, TO, CC, BCC, SUBJECT, EMAILSUBJECT, DATESENT, TIMESENT, DATECREATED, TIMECREATED, DATERCVD, TIMERCVD, FILENAME, FILEPATH, FILESIZE, APPLICATION, FOLDERID, DOCEXTENSION, HASH, HEADER, and NATIVEFILE.

10. These document requests are continuing and oblige the prompt furnishing of additional information whenever acquired or discovered after the date of the initial responses, pursuant to Federal Rule of Civil Procedure 26(e).

### ITEMS REQUESTED

1. Documents concerning Plaintiffs.
2. Documents concerning the following Investigations:
    a. Preliminary Inquiry # 10/08;
    b. Terrorism Enterprise Investigation # 01/03;
    c. Terrorism Enterprise Investigation # 04/08.
3. Organizational charts and Documents describing the Intelligence Division and its activities.
4. Intelligence Division reports, assessments, presentations, memoranda, policy statements, operational directives, strategy documents, and training materials concerning any of the following as a basis for, or a factor relevant to, the decision to engage in Surveillance or Investigations:

7

   a. Islam, its adherents, or its schools of thought, including, but not limited to, Salafis or Salafism;

   b. Non-Islamic religions, their adherents, or their schools of thought;

   c. "Ancestries of interest" as identified in an Intelligence Division presentation, *available at* http://bit.ly/1alTs2A.

5. Documents, from 2004 through the present, concerning Surveillance of:

   a. Muslim individuals and organizations;

   b. Non-Muslim individuals' religious speech, beliefs, practices, or activities;

   c. Non-Muslim religious organizations' religious speech, beliefs, practices, or activities.

6. Documents, from 2004 through the present, concerning Investigations of:

   a. Muslim individuals and organizations;

   b. Non-Muslim individuals' religious speech, beliefs, practices, or activities;

   c. Non-Muslim religious organizations' religious speech, beliefs, practices, or activities.

7. Documents, from 2004 through the present, containing statistics concerning the number of Investigations of:

   a. Muslim individuals;

   b. Muslim organizations;

   c. Non-Muslim individuals either investigated on the basis of religious affiliation, speech, belief or activities, or investigated when one or more of religious affiliation, speech, belief or activities were factors relevant to the decision to investigate;

   d. Non-Muslim religious organizations.

8. Documents, from 2004 through the present, containing statistics concerning the number of individuals and organizations under Surveillance that are:

   a. Affiliated with Islam;

   b. Affiliated with a religion other than Islam;

   c. Not affiliated with any religion.

9. Documents, from 2004 through the present, containing statistics concerning criminal charges resulting from the activities of the Intelligence Division, including statistics broken down by each sub-unit and category below, brought against:

   a. Muslim individuals;

   b. Muslim organizations;

   c. Non-Muslim individuals either investigated on the basis of religious affiliation, speech, belief or activities, or investigated when one or more of religious

        affiliation, speech, belief or activities were factors relevant to the decision to investigate;

    d. Non-Muslim religious organizations.

Dated: October 8, 2013

    */s/ Hina Shamsi*
    Hina Shamsi (HS-6908)
    Nusrat J. Choudhury (NC-2676)
    Patrick Toomey (PT-4354)
    American Civil Liberties Union Foundation
    125 Broad Street, 18th Floor
    New York, NY 10004
    T: 212.549.2500
    F: 212.549.2654
    hshamsi@aclu.org

    Ramzi Kassem (RK-3567)
    Diala Shamas (DS-4123)
    CLEAR project
    Main Street Legal Services, Inc.
    CUNY School of Law
    2 Court Square
    Long Island City, NY 11101
    T: 718.340.4558
    F: 718.340.4478
    ramzi.kassem@law.cuny.edu

    Arthur N. Eisenberg (AE-2012)
    Mariko Hirose (MH-0313)
    New York Civil Liberties Union Foundation
    125 Broad Street, 19th Floor
    New York, NY 10004
    T: 212.607.3300
    F: 212.607.3318
    aeisenberg@nyclu.org