# Schedule B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMID HASSAN RAZA; MASJID AL-ANSAR; ASAD DANDIA; MUSLIMS GIVING BACK; MASJID AT-TAQWA; MOHAMMAD ELSHINAWY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK; MICHAEL R. BLOOMBERG, in his official capacity as Mayor of the City of New York; RAYMOND W. KELLY, in his official capacity as Police Commissioner for the City of New York; DAVID COHEN, in his official capacity as Deputy Commissioner of Intelligence for the City of New York,<br><br>Defendants. | No. 13-cv-03448-PKC-JMA<br><br>Hon. Judge Pamela Chen |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs request that on or before October 28, 2013, Defendants answer the interrogatory below fully, in writing and under oath.

### DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in this interrogatory, the words set forth below shall be defined as follows:

1. All capitalized terms used herein shall be deemed to have the same meaning ascribed to them in Plaintiffs' Complaint in this action.

1

2. The use of the singular form of any term shall be taken to include its plural, and vice versa.

3. "All" shall be understood to include and encompass "any."

4. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of this interrogatory all information, documents, things, or communications that might otherwise be construed to be outside their scope.

5. "Communication" should be construed in the broadest sense to include any transmittal of information, facts, opinions, or thoughts.

6. "Concerning" and "relating to" should be construed in their broadest possible sense, and shall include, but not be limited to, directly or indirectly, in whole or in part, relating to, referring to, reflecting, memorializing, comprising, concerning, constituting, supporting, contradicting, defining, discussing, describing, evidencing, setting forth, containing, underlying, commenting upon, forming the basis for, analyzing, or mentioning in any way the subject matter of the paragraph containing the term.

7. "Documents" refers to documents created, possessed or maintained by the New York City Police Department Intelligence Division, as defined herein. "Documents" is defined to be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, without limitation, all objects, tangible or intangible, from which information may be derived, however reproduced, including any recording in any tangible form of any information, whether handwritten, typed, printed, stored electronically, stored on computer disks, tapes, or databases, or otherwise stored or reproduced. By way of further explanation, "documents" includes, without limitation, the original, or a copy when the original is not available, and each

      non-identical copy, including those that are non-identical by reason of notations or markings, of any books, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, e-mails, text messages, facsimiles, voicemails, telegrams, cables, records, drafts, diaries, videotapes, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, photographs, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, agreements, trip reports, releases, estimates, opinions, electronic or other video and/or audio recordings of any kind, transcriptions, or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or tangible thing, of whatsoever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data).

8. "Intelligence Division" means the New York City Police Department Intelligence Division and any of its current or former units, sub-units, or constitutive subdivisions participating in Investigations or Surveillance, as defined herein, or involved in the creation, dissemination, or analysis of documents concerning Investigations or Surveillance; any present and former officers, employees, agents, representatives, and attorneys of any such entities; and any person who currently or formerly acted or purported to act at the direction or on behalf of any such entity, including paid and unpaid informants.

9. "Investigation" means a preliminary inquiry, full investigation, or terrorism enterprise investigation.

10. "Organization" includes houses of worship, religious or community organizations, non-governmental organizations, student organizations, schools, and charities.

11. "Person" includes natural persons or any business, legal or governmental entity, association, private partnership, association, joint venture or any other kind of entity.

12. "Plaintiffs" means the plaintiffs in the above-captioned action. In the case of plaintiffs Masjid Al-Ansar, Masjid At-Taqwa, and Muslims Giving Back (f/k/a Fesabeelillah Services of NYC, Inc.), this term includes any of their predecessors, successors, and related entities; any present and former directors, officers, employees, agents, and representatives, of any such entities.

13. "Surveillance" includes the Intelligence Division's observations of individuals and organizations, and the recording, reporting, compilation, and analysis of observations. Surveillance also includes the reports and analysis of observations documented in, among other things, field reports, "DD5s," activity reports, "Intelligence Notes," "Deputy Commissioner's Briefings," general intelligence reports, reports authored by the Demographics Unit or Zone Assessment Unit, and any document identifying an individual, group, or organization as "of interest" or "of concern." Surveillance includes, in addition to the foregoing, documented efforts to facilitate observations, such as "Surveillance Requests." As defined, Surveillance may or may not concern an Investigation.

## INSTRUCTIONS

1. The instructions set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts are incorporated by reference herein.

2. This interrogatory is continuing and obliges the prompt furnishing of additional information whenever acquired or discovered after the date of the initial response, pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY**

1. Does the Intelligence Division have, in its possession, custody, or control, a database or means of electronic analysis concerning the following information? If so, please describe the types of records and search functions available for each sub-category below:

   a. From 2004 through the present, statistics concerning the number of Investigations of: Muslim individuals; Muslim organizations; non-Muslim individuals either investigated on the basis of religious affiliation, speech, belief or activities, or investigated when one or more of religious affiliation, speech, belief or activities were factors relevant to the decision to investigate; and non-Muslim religious organizations.

   b. From 2004 through the present, statistics concerning the number of individuals and organizations under Surveillance that are: affiliated with Islam; affiliated with a religion other than Islam; and, not affiliated with any religion.

   c. From 2004 through the present, statistics concerning criminal charges resulting from the activities of the Intelligence Division, including statistics broken down by each sub-unit, brought against: Muslim individuals; Muslim organizations; non-Muslim individuals either investigated on the basis of religious affiliation, speech, belief or activities, or investigated when one or more of religious affiliation, speech,

belief or activities were factors relevant to the decision to investigate; and non-Muslim religious organizations.

Dated: October 8, 2013

*/s/ Hina Shamsi*
Hina Shamsi (HS-6908)
Nusrat J. Choudhury (NC-2676)
Patrick Toomey (PT-4354)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212.549.2500
F: 212.549.2654
hshamsi@aclu.org

Ramzi Kassem (RK-3567)
Diala Shamas (DS-4123)
CLEAR project
Main Street Legal Services, Inc.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
T: 718.340.4558
F: 718.340.4478
ramzi.kassem@law.cuny.edu

Arthur N. Eisenberg (AE-2012)
Mariko Hirose (MH-0313)
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
T: 212.607.3300
F: 212.607.3318
aeisenberg@nyclu.org