

125 Broad Street
New York, NY 10004
212.607.3300
212.607.3318
www.nyclu.org

*via ECF*

June 6, 2014

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Raza et al. v. City of New York, et al.* 13-cv-3448 (PKC/JMA)

Dear Judge Azrack:

      I write on behalf of Plaintiffs to request an extension of the deadline for Plaintiffs to apply to the Court to dispute Defendants' confidentiality designations, pursuant to Section II(D) of the Stipulation and Protective Order for the Production and Exchange of Confidential Materials (the "Protective Order"). Plaintiffs request that the Court extend the applicable deadlines to June 18, 2014. Defendants have not consented to this request because, as we understand it, they disagree with Plaintiffs' description of the parties' meet and confer process. Plaintiffs have not previously requested an extension of time to apply to the Court to contest Defendants' confidentiality designations.

      On April 21, 2014, Defendants served their first, and thus far only, document production, which consisted of 61 documents (the "April 21 Production"). Of this production, Defendants designated 17 documents as "Inspection Only," 13 documents as "Attorneys' Eyes Only," and the remaining 31 documents as "Confidential."

      Plaintiffs challenged Defendants' confidentiality designations by letter on May 23, 2014. Plaintiffs also challenged Defendants' over-redaction of documents from the April 21 Production and deficiencies with Defendants' Categorical Privilege Log and Redaction Key ("Privilege Log"), which they provided along with the April 21 Production.[1]

---

[1] Plaintiffs' disputes concerning Defendants' over-redaction of documents from the April 21 Production and deficiencies in the Privilege Log are integrally related to their disputes over Defendants' confidentiality designations of documents from that production. For the convenience of the Court, Plaintiffs intend to raise these disputes in their application to the Court challenging Defendants' confidentiality designations.

In addition, on June 2, Plaintiffs challenged Defendants' confidentiality designations for their lists of proposed custodians and of proposed search terms to be used on Plaintiffs' documents. Defendants designated both of these lists "Attorneys Eyes Only."

By order dated May 28, 2014, the Court granted Defendants' request to extend the deadline for the parties to meet and confer regarding Plaintiffs' May 23, 2014 challenge. Plaintiffs, as an accommodation, did not oppose that request.

On June 3, 2014, the parties met and conferred regarding Plaintiffs' challenges concerning Defendants' confidentiality designations for the April 21 Production, their over-redaction of documents from that production, their Privilege Log, and the confidentiality designation for Defendants' list of proposed search terms. Due to time constraints, and because the parties had scheduled two meet-and-confers on the issues of ESI discovery, the parties deferred a meet-and-confer on Defendants' confidentiality designation for their list of proposed custodians to the first ESI meet-and-confer scheduled for June 9, 2014. Despite their efforts, the parties were unable to resolve their disputes during the June 3 meet-and-confer. The parties spoke again by telephone late in the afternoon of June 5, 2014 and again on June 6, 2014, but have not yet concluded meeting and conferring on the issues. Both parties are continuing to contemplate their responses on certain issues.

Under Section II(D) of the Protective Order, Plaintiffs must apply to the Court challenging Defendants' confidentiality designations for the April 21 Production by June 9, 2014, and for the custodian and search term lists by June 12, 2014, 10 business days after Plaintiffs first disputed the respective designations. Extending these deadlines would permit the parties to work further to narrow the disputed issues. Extension of these deadlines is particularly appropriate because the parties have not yet been able to meet and confer on all issues. Moreover, as Defendants have not yet fully provided their responsive positions, requiring the Plaintiffs to submit their applications by June 9 and June 12 would prejudice Plaintiffs' ability to present the disputed issues to the Court. Finally, extending the June 9 and June 12 deadlines to a single date will permit Plaintiffs to file a single application, rather than bring the parties' Protective Order disputes to the Court piecemeal. Accordingly, Plaintiffs request that the Court extend the time for Plaintiffs to file their application challenging Plaintiffs' confidentiality designations under Section II(D) of the Protective Order to June 18, 2014.

We thank the Court for its consideration of this request. If the Court requires further information about any of the matters addressed in this letter, please let us know and we will be pleased to provide it.

                                              Respectfully submitted,

                                              *s/Beth Haroules*
                                              Beth Haroules

Cc via ECF:   Counsel of record