UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
HAMID HASSAN RAZA, MASJID AL-ANSAR,
ASAD DANDIA, MUSLIMS GIVING BACK,
MASJID AT-TAQWA, and MOHAMMAD ELSHINAWY,          13 CV 3448 (PKC) (JO)

                                                  Plaintiffs,
        -against-

CITY OF NEW YORK, BILL DE BLASIO,
in his official capacity as Mayor of the City of New York;
WILLIAM J. BRATTON, in his official capacity
as Police Commissioner for the City of New York; and
JOHN J. MILLER, in his official capacity as Deputy
Commissioner of Intelligence for the City of New York,

                                                  Defendants.
------------------------------------------------------------------------------x

## STIPULATION OF SETTLEMENT AND ORDER

**WHEREAS,** on June 18, 2013, Plaintiffs in the above-captioned action ("*Raza*") filed a complaint alleging that Defendants have engaged and continue to engage in a policy and practice of targeting individuals for suspicionless surveillance and investigation on the basis of their religion of Islam, stigmatizing Plaintiffs and violating their rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, the Free Exercise and Establishment Clauses of the First Amendment, and the Free Exercise Clause of the New York State Constitution (the "Complaint")[1]; and

**WHEREAS,** Defendants City of New York, Bill de Blasio, William J. Bratton, and John J. Miller have denied any and all liability arising out of Plaintiffs' allegations; and

---

[1] Because the defendants named in Plaintiffs' complaint were sued in their official capacities, under Federal Rule of Civil Procedure 25(d), their successors in office are automatically substituted as parties to the action. The caption has been revised to reflect this substitution.

1

**WHEREAS,** over a period of time following the filing of the Complaint, Plaintiffs and Defendants (together, the "Parties") engaged in litigation and discovery which became subject to a protective order dated March 20, 2014 and modified on June 24, 2014; and

**WHEREAS**, during the course of discovery certain Investigative Statements of the New York City Police Department's Intelligence Bureau were made available to counsel for Plaintiffs ("Plaintiffs' Counsel") and further disclosures between the parties were ordered by the Court subject to the protective order; and

**WHEREAS**, on April 2, 2013, counsel for the plaintiff class in *Handschu v. Special Services Division*, 71-cv-2203 (CSH) (S.D.N.Y.) (*"Handschu"*) ("Handschu Counsel") brought a Motion for Injunctive Relief and Appointment of a Monitor (the "Handschu Motion") alleging that the NYPD had a policy or practice that violated the Handschu Guidelines by conducting surveillance and investigations of individuals and organizations associated with the Muslim religion solely on the basis of religion, and without a factual predicate; and

**WHEREAS**, in connection with the Handschu Motion, Defendants made available to Handschu Counsel certain Investigative Statements; and

**WHEREAS,** beginning in August 2014, the Parties and the parties in *Handschu* entered into a Joint Settlement Process, during which there was a stay of the *Raza* litigation and the Handschu Motion, with the Joint Settlement Process taking place subject to a strict protective order dated August 18, 2014 as subsequently modified by the Court on June 29, 2015, and July 31, 2015; and

**WHEREAS**, as part of the Joint Settlement Process, Plaintiffs' Counsel and Handschu Counsel reviewed additional Investigative Statements; and

**WHEREAS**, during the Joint Settlement Process, the attorneys for the Parties and Handschu Counsel have met in person or through teleconferences over 20 times, during which both sides have made presentations about various topics and issues central to the cases; have discussed certain Investigative Statements that were made available to Plaintiffs' Counsel and Handschu Counsel; and have discussed the Parties' respective settlement positions; and

**WHEREAS**, the terms of this Stipulation of Settlement and Order ("Stipulation") were extensively and vigorously negotiated in good faith over a period of several months; and

**WHEREAS**, on June 29, 2015, Magistrate Judge James Orenstein granted the Parties' joint motion to modify the protective order governing the Joint Settlement Process to allow Plaintiffs' Counsel to consult with Plaintiffs and continue the settlement process; and

**WHEREAS**, the terms of the Parties' settlement include certain modifications to the consent decree entered in *Handschu*, which are set forth in the "Proposed Modified Handschu Guidelines," attached hereto as Exhibit A; and

**WHEREAS**, these modifications are subject to approval by the court presiding over the *Handschu* litigation in the U.S. District Court for the Southern District of New York (the "Handschu Court"); and

**WHEREAS**, the Defendants represent that they do not, have not, and will not rely upon the Radicalization in the West report to open or extend investigations; and

**WHEREAS**, the Parties agree that the NYPD must fulfill its responsibility to preserve public safety and security, and Defendants are committed to mitigating the potential impact that the investigation of potential unlawful conduct may have on the lawful political or religious activity of individuals, groups, or organizations, and the potential effect on persons

who, although not a target of the investigation, are affected by or subject to the NYPD's investigative techniques; and

**WHEREAS**, the Parties' negotiations have resulted in this Stipulation, which, subject to the approval of this Court and the conditions set forth in paragraph 5 below, settles the claims in *Raza* in the manner and upon the terms below; and

**WHEREAS**, counsel for the Parties are entering into this Stipulation after good-faith negotiations for the purpose of settling any and all liability, claims, or rights of action alleging a violation of Plaintiffs' civil rights and any and all related state law claims, to avoid the burden of further litigation, and to promote the lawful and nondiscriminatory activities of the NYPD to protect the City of New York; and

**WHEREAS,** the parties now regard as beneficial the resolution of the issues raised in this litigation, without further proceedings and without admitting any fault or liability.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

1. It is the policy of the NYPD that investigations involving political activity conform to the guarantees of the U.S. and New York State constitutions, including the U.S. Constitution's guarantee of equal protection. It is also the policy of the NYPD that care be exercised in the conduct of those investigations so as to protect constitutional rights, including the right to be free from investigation in which race, religion, or ethnicity is a substantial or motivating factor.

2. Defendants will remove the Radicalization in the West report from the NYPD website.

3. The Parties further agree that the consent decree in *Handschu* shall be revised to reflect the edits in the Proposed Modified Handschu Guidelines set forth in Exhibit A.

4. The Parties' settlement and this Stipulation are contingent upon the Handschu Court (a) approving the Proposed Modified Handschu Guidelines and (b) incorporating them into the consent decree in that case. Accordingly, the Parties respectfully request that the Court approve and so-order this Stipulation only upon being notified that the Handschu Court has approved the Proposed Modified Handschu Guidelines. This Stipulation is not binding upon the Parties and has no effect until the date of this Court's order approving and entering the Stipulation.

5. Nothing contained in this Stipulation shall be deemed to be an admission by Defendants, or an adjudication, or finding on the merits of any of Plaintiffs' allegations, assertions, or claims made in this action, nor an admission by Defendants that they have in any manner or way violated the rights of Plaintiffs or the rights of any other person or entity as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.

6. Nothing contained in this Stipulation shall be deemed an admission by Plaintiffs of the absence of any such fault, wrongdoing, culpability, or liability on Defendants' part.

7. This Stipulation shall not be admissible in any other litigation or settlement negotiation, except to enforce the terms of this agreement. This Stipulation is not related to any other litigation or settlement negotiation except the *Handschu* litigation.

8. In consideration for the relief set out in this Stipulation, Plaintiffs Hamid Hassan Raza, Masjid Al-Ansar, Asad Dandia, Muslims Giving Back, Masjid At-Taqwa, and Mohammad Elshinawy agree to dismiss all of the claims against Defendants City of New York, Bill de Blasio, William J. Bratton, and John J. Miller; and to release Defendants City of New York, Bill de Blasio, William J. Bratton, and John J. Miller; their successors or assigns, the City of New York, and all past and present officials, employees, representatives and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel (collectively, "Releasees") from any and all liability, claims, or rights of action alleging a violation of Plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the Parties' execution of this Stipulation, including claims for costs, expenses and attorneys' fees. Within seven [7] days of the Parties' execution of this Stipulation, Plaintiffs' Counsel shall deliver to Defendants' Counsel each Plaintiff's executed release which shall be held in escrow and become effective only if this Stipulation is ordered by the Court.

9. This Stipulation, including Exhibit A, sets forth the entire agreement and understanding between the Parties with respect to the subject matter hereof, except that the protective order dated March 20, 2014 and modified on June 24, 2014, and the protective order dated August 18, 2014 and modified on June 29, 2015 and July 31, 2015, separately continue in effect.

10. The sole authority to allege that the NYPD has violated the Proposed Modified Handschu Guidelines (Exhibit A hereto) remains with Handschu Counsel, and nothing in this Stipulation shall be construed to mean otherwise. This Stipulation and Order does not create any additional rights of enforcement, or forms of relief available, for alleged violations of the Modified Handschu Guidelines.

11. The sole court empowered to hear a complaint from Handschu Counsel that there has been a violation of the Proposed Modified Handschu Guidelines remains the Handschu Court.

12. Upon approval by this Court, this Stipulation shall constitute full relief with respect to matters set forth in the Complaint, and resolves in full any and all claims or rights of action against Defendants and their predecessors, successors, or assignees, together with past, present, and future officials, employees, representatives, and agents of Defendants, the NYPD, and the City of New York that may have been based upon or arisen from any alleged policy, pattern, or practice that the NYPD conducted unlawful surveillance or investigations on the basis of race, religion, or ethnicity that could have been raised at this time, in this action.

13. The Parties acknowledge that the City of New York shall pay Plaintiffs reasonable attorneys' fees, costs and expenses in the amount of $1,671,686.00 in full satisfaction of all claims by Plaintiffs and their counsel for attorneys' fees, costs, and expenses arising out of this action. Plaintiffs shall direct the payment of these attorneys' fees, costs, and expenses to their counsel in a separately executed document. Plaintiffs and their counsel hereby agree and represent that no other claims for attorneys' fees, costs or expenses arising out of this action shall be made by or on behalf of Plaintiffs against Releasees in any application for attorneys' fees, costs or expenses at any time, and Plaintiffs and their counsel shall release and discharge Releasees for all claims for attorneys' fees, costs, and expenses arising out of this action.

14. Plaintiffs and their attorneys shall each execute and deliver to Defendants' attorneys all documents necessary to effect this settlement, including, without limitation, general releases based on the terms of this Stipulation, and Plaintiffs' Counsel shall also execute and deliver IRS Form W-9 (Rev. Dec. 2014).

15. The undersigned counsel represent and warrant that they are authorized by their respective clients to execute this Stipulation.

16. Upon approval of this Stipulation by this Court, the Complaint is dismissed against Defendants with prejudice.

Dated: New York, New York
January 7, 2016

COUNSEL FOR DEFENDANTS

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York

By: /s/ Peter Farrell

Peter G. Farrell
Deputy Division Chief
100 Church Street
New York, NY 10007
(212) 356-3532

COUNSEL FOR PLAINTIFFS

By: /s/ Hina Shamsi

Hina Shamsi
Ashley Gorski
Patrick Toomey
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212)-549-2500
F: (212)-549-2654

Ramzi Kassem
Naz Ahmad
CLEAR Project
Main Street Legal Services, Inc.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718)-340-4558
F: (718)-340-4478

_____
Arthur N. Eisenberg
Beth Haroules
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212)-607-3300
F: (212)-607-3318


_____
Hector Gallegos
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20006
(202)-887-1500
F: (202)-887-0763

Kyle Mooney
Adam Hunt
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
(212)-468-8000
F: (212)-468-7900

SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE
PAMELA K. CHEN

9